UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRISTIN TRUMP *and* <br> AMANDA TRUMP NEVELLS, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHEM LIFE INSURANCE COMPANY *and* <br> ENVIROSCIENCE INCORPORATED GROUP LIFE PLAN, <br><br> Defendants. | CASE NO: 5:24-cv-02109 <br><br> JUDGE JOHN R. ADAMS <br><br> **MEMORANDUM OF OPINION AND ORDER** <br><br> (Resolves Docs. 18, 19, 20) |

This matter is before the Court on the *Motion for Leave to File Plaintiff's Request for Discovery* (Doc. 18) (the "Motion") filed by Plaintiffs Kristin Trump and Amanda Trump Nevells ("Plaintiffs"). Defendants Anthem Life Insurance Company and Enviroscience Incorporated Group Life Plan ("Defendants") filed the *Defendants' Response to Plaintiffs' Motion for Discovery* (Doc. 19) and Plaintiffs filed an additional reply (Doc. 20). The motion is now ripe for resolution.

For the reasons stated below, the Motion is GRANTED.

I.   FACTUAL BACKGROUND

Plaintiffs filed this action to recover accidental death and college benefits pursuant to their late husband/father's employee benefit plan. Doc. 1. The Court held a Case Management Conference (CMC) on March 26, 2025, ordered Defendants to file the administrative record under seal, and granted Plaintiffs leave to file a motion for discovery. Doc. 16. Plaintiffs now seek limited discovery and request authorization to depose a representative from Defendant Anthem Life Insurance Company ("Anthem") on the following issues: (1) what constitutes the administrative

1

record, (2) structural bias and steps taken by Defendants to minimize bias, (3) Anthem's policy of obtaining independent review of external medical reports, and (4) the plan administrator's claim procedures. Doc. 18.

## II.    LAW AND ANALYSIS

### a.  Legal Standard

The district court generally only considers evidence in the administrative record in ERISA actions, therefore discovery is generally not appropriate. *Bell v. Ameritech Sickness & Accident Disability Benefit Plan*, 399 Fed. Appx. 991, 996 (6th Cir. 2010) (citing *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 619 (6th Cir. 1998). However, discovery may be appropriate "when evidence is sought in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* (internal quotation marks omitted).

### b.  Completeness of Administrative Record

Plaintiffs first seek discovery on the makeup of the administrative record due to an alleged discrepancy between documents provided to them prior to this suit and later included in the administrative record (Doc. 17). Plaintiffs claim there was an email previously provided and now omitted from the administrative record and typed notes that were not provided previously but then added to the administrative record. Doc. 18-2 at pp. 1–2. Defendants dispute the allegations and claim that the administrative record is the same as what it was at the time of the final benefits determination. Doc. 19 at p. 6.

"Until a due process violation is at least colorably established, additional discovery beyond the administrative record…is impermissible." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 431 (6th Cir. 2006). "Due process requires nothing beyond providing the reasoning for a decision and

giving notice of the means of appealing that decision, if applicable" and due process violations may include a "failure to provide a reasonable opportunity for a full and fair review of the decision." *See Canter v. Ankermes Blue Care Elect Preferred Provider Plan*, 328 F.R.D. 485, 496 (S.D. Ohio 2018) (internal citation omitted). Courts sometimes allow discovery into the completeness of the administrative record when it is unclear what records were considered by the plan administrator. *See Jones v. Allen*, 933 F.Supp. 2d 1020, 1025 (S.D. Ohio 2013) (internal citations omitted). However, multiple versions of the record do not automatically raise suspicion that the record is incomplete. *Id.* at 1026. But, when a plaintiff explains that the administrative record does not include all documents relevant to the claim, that is sufficient to allege a due process violation, warranting discovery. *See Patton v. Nat'l Union Fire Ins. Co.*, No. 1:15-cv-43, 2015 U.S. Dist. LEXIS 86462, at *6 (S.D. Ohio July 2, 2015). Ultimately, good cause for discovery exists when the claimant makes specific procedural challenges and makes an initial showing that he has reasonable basis to do so. *See Butler v. United Healthcare of Tenn., Inc.*, No. 3:07-cv-465, 2008 U.S. Dist. LEXIS 92523, at *11-12 (E.D. Tenn. Nov. 12, 2008).

First, Defendants are correct that the internal Anthem email exchange attached to the Motion as Exhibit A is included in the administrative record. Doc. 17-2 at p. 108. Next, the Court has confirmed the typed notes attached to the Motion as Exhibit B are included in the administrative record (Doc. 17-1 at p. 76), however, these are the notes that Plaintiffs claim were later added to the record but not provided in their document request prior to this case being filed. Doc. 18-2 at p. 2. If Plaintiffs' allegation is correct, the administrative record varies from the record previously compiled, and although it appears to now be *more* complete, this raises a question as to whether the record was sufficiently complete to provide a full and fair review at the time the final benefits determination was made. Given this, Plaintiffs have laid a factual foundation to support a

3

claim for lack of due process and the Court is persuaded that discovery on this issue would help resolve the question.

### c. Minimization of Structural Bias

Plaintiffs also allege a structural conflict of interest and seek discovery on what steps Anthem took to minimize bias. Doc. 18-2 at p. 3. Defendants admit there is a structural conflict of interest as they are both the insurer and claims administrator but argue that the conflict did not influence claim determination in this case and Plaintiffs are engaged in a "fishing expedition." Doc. 19 at pp. 8–9. In their additional reply, Plaintiffs more clearly state their belief that evidence of bias exists. They refer to the email in the administrative record where the claims department admits it elected to "not [] make reference to the consulting doctor's report in the denial" (Doc. 17-2 at p. 108), Defendants' admission [without explanation] during the CMC that the medical report was not reviewed by an independent forensic pathologist, and Anthem's failure to request the photo [of the deceased's body] that the consulting doctor relied on. Doc. 20 at pp. 2–3.

When a plan administrator both evaluates claims for benefits and pays benefits claims, this creates a conflict of interest. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008). However, a conflict of interest does not automatically warrant additional discovery, rather, the claimant is required to "put forth a factual foundation to establish that he has done more than merely allege bias." *Collins v. Unum Life Ins. Co. of Am.*, 682 Fed. Appx. 381, 389 (6th Cir. 2017). Discovery as to how a conflicted administrator minimizes or eliminates its structural conflict of interest is permissible where it will aid the court in determining how significant the conflict of interest is. *See Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186, 201–02 (W.D. Ky. 2016) (permitting an interrogatory: "State and explain in detail Defendant's efforts to minimize and/or eliminate its structural conflict of interest.")

On this topic, the Court agrees that Plaintiffs' allegations of bias amount to more than a mere allegation, therefore discovery on how Defendants minimize bias is allowable in this case.

### d. Anthem's Internal Policy for Independent Pathologist Review and Plan Claim Procedures

Plaintiffs next revisit the undisputed fact that Anthem did not pursue independent review of the consulting doctor's report, and they seek discovery on Anthem's policies on this topic. Doc. 18-2 at p. 4. It appears Plaintiffs are alleging a due process violation supported by the suggestion that Anthem may sometimes request independent review of doctor reports, whereas it did not in this case. Plaintiffs also seek discovery on the procedures followed by the plan administrator, appeals committee authority, and any notes or minutes from the appeals committee. Doc. 18-2 at p. 4. Defendants indicate that because Anthem has final authority, there is no appeals committee, and further state that the policy establishes all associated procedures. Doc. 19 at p. 12.

The administrative record includes the deceased's insurance policy, which details the claims and review process, and Anthem's authority to make determinations. Doc. 17-1 at pp. 55–59. However, the Court is not convinced that the policy includes all associated procedures, including processes for claims review that may lead to independent medical review in certain cases or internal auditing or appeals. Whether Anthem followed the formal policy as to the deceased is a matter of contract interpretation, however, additional discovery as to internal policy is necessary because there is a structural conflict of interest, and an explanation of internal procedures is not included in the administrative record. Plaintiffs have sufficiently laid a factual foundation to support a claim for lack of due process as to these issues.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' *Motion for Leave to File Plaintiff's Request for Discovery* (Doc. 18) is GRANTED. Plaintiffs may conduct a deposition limited to the topics described herein: the completeness of the administrative record, structural bias and steps taken to minimize and/or eliminate the conflict of interest, and Anthem's policy and procedures regarding independent medical review and internal claims processing/auditing.

Once discovery is complete, the parties are directed to jointly file a proposed briefing schedule.

IT IS SO ORDERED.

July 2, 2025 /s/ John R. Adams
Date JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE